Dear District Attorney May:
This office is in receipt of your request for an opinion of the Attorney General in regard to a referendum election on a parish road closure.
In connection with a proposed location for a large industrial facility in Claiborne Parish, the Police Jury was informed that there might be a request for closing and re-routing of a particular parish road to facilitate the construction and operation of the plant. In October, 1989 the Police Jury passed a resolution agreeing to close or re-route the road if formally requested to do so. At the meeting on January 11, 1996 they rejected a motion to rescind the 1989 resolution, but a motion was passed to hold a referendum election in order to allow the voters in the District to vote regarding whether they wanted the road in question to be closed or re-routed or not.
Relative to these facts you ask the following questions:
 1. Can a referendum election be held, which election would be "non-binding" and held for the purpose of allowing the voters of District 8 to express their wishes regarding the closing of the road, or must such an election be "binding" and determinative of the issue of whether the road will be closed, thus removing from the police jury the authority to determine that issue;
 2. Can public funds be expended for a non-binding referendum election in District 8, which election would be for the purpose of allowing the voters of District 8 to express their wishes regarding the closing of the road, but which election would not remove from the police jury the ultimate authority to determine whether or not the road will be closed; and
 3. If the expenditure of public funds for the purpose of conducting a non-binding referendum election is not appropriate, could such an election be called by the police jury provided that all the costs of the election were paid for with private, non-public funds.
This office observed in Atty. Gen. Op. No. 89-414 that the results of a "straw-vote" election has no legal effect, and is nothing more than a referendum utilized by a governing body to assist said body in making a decision that should be made by the governing authority. Therein proposition number four was voted upon by the people on handwritten ballots. Quoting from Atty. Gen. Op. No. 82-710 it was stated that "the election process is not the proper mechanism to obtain public opinion, as opposed to a definitive determination of the public's will". It was noted the legislature incorporated into R.S. 18:1299 the requirement that express statutory, constitutional or home rule authority was a prerequisite to placing matters on the ballot, and concluded the Secretary of State lacks authority to place a non-binding proposition on the ballot absent the appropriate legal authority in accordance with R.S. 18:1299. Therefore, this office found that there was no statutory or other basis for the school board to submit a straw-vote to the electorate on an official election ballot.
Following this logic this office determined in Atty. Gen. Op. No. 93-750 that the City of Gretna could not hold a referendum election on a proposal to allow a land based casino within its city limits in the event state law was amended to allow more than one land based casino inasmuch as such an election was not authorized by the constitution, a statute or home rule charter provision. In reaching this conclusion several opinions were cited that reached the conclusion that R.S. 18:1299
prohibits an election unless a proposition or question is specifically authorized by the Constitution, a statute or a home rule charter.
Reference was made to Atty. Gen. Op. No. 88-477 in which an opinion was requested of this office as to the legality of the police jury conducting an advisory referendum as to whether greyhound racing should be permitted. It was concluded only those propositions authorized by the Constitution, state statute or a home rule charter may be the subject of a referendum election, and there was no authority regarding an advisory referendum pertaining to greyhound racing.
Accordingly, following numerous earlier decisions of this office, we must conclude in answer to your questions that there is no authority for the Parish Police Jury to place on an official ballot a vote for a referendum on a road closing, whether binding or not.
However, we cannot state in order to determine public opinion that a non-binding straw vote on other than an official ballot from the secretary of state paid with private funds would be prohibited, although it is questionable if this is the best approach for the governing authority to follow. As previously observed, it has no legal affect and is not the proper mechanism to obtain public opinion.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR